IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 9989 |
| | ) | |
| ENTERPRISE RECOVERY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Counsel for Enterprise Recovery Systems, Inc. ("Enterprise") has tendered its Unopposed Motion To Vacate Order of Default and To Grant Defendant Leave To File Its Answer to Plaintiff's Complaint, designated for presentment on February 22. Although the first portion of that motion (vacating the order of default) is granted, the rest is not, for Enterprise's counsel has shown himself to be unaware of a number of the principles of federal pleading marked out by this Court's Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[1]

This Court will make no effort to rank counsel's deficiencies in that respect in any order of importance. Instead they will be addressed here in the order in which they appear in the Answer.

---

[1] State Farm's Appendix did not of course purport to announce new rule, but rather intended to serve as a useful guide to the avoidance of common types of pleading errors. That being so, it is disappointing to see the numbers of practitioners who continue to commit such errors.

To begin with, Enterprise's counsel attempts to substitute his notion that a statute or judicial opinion "speaks for itself" (Answer ¶¶2, 21, 26 and 31) for the express response called for by Fed. R. Civ. P. ("Rule") 8(b)(1)(B). On that score, counsel should read App'x ¶3 to State Farm.

Next, instead of actually tracking the specific language of the disclaimer marked out in Rule 8(b)(5), counsel inexplicably coins some impermissible departures from that language (and, more importantly, from its meaning)(Answer ¶¶4, 5, 10 and 11)--see App'x ¶1 to State Farm. And those errors are compounded by counsel's impermissible addition of the phrase "and accordingly denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase must be omitted from each of those paragraphs of the Answer the next time around.

Next, counsel has somewhere acquired the mistaken notion that an allegation that may be characterized as a legal conclusion requires no answer (Answer ¶¶20, 23-25, 28-30 and 33). On that score, see App'x ¶2 to State Farm.

So much for the Answer. As for the affirmative defenses ("ADs") that follow the Answer proper, most are problematic as well (see App'x ¶5 to State Farm). For example, too many of them

2

flout the notion that an AD must accept a Complaint's allegations as gospel, so that the proper way to challenge an allegation is simply to deny it in the answer. When Enterprise's counsel returns to the drawing board, as he must, he should take a hard look to see which of his proposed ADs really qualifies for that status.

Because it would make no sense to have a patchwork responsive pleading, the entire Answer with its ADs is stricken, but with leave of course granted to file a self-contained responsive pleading on or before March 11, 2013. No charge is to be made to Enterprise by its counsel for the added work and expense incurred in correcting counsel's errors. Enterprise's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

Finally, when plaintiff's counsel obtained the order of default that has been vacated here, this Court set March 19, 2013 as a prove-up date. Instead of striking that date, it will be retained as a date for a status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 21, 2013